UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JON C. POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:10-CV-87 |
| | ) (VARLAN/SHIRLEY) |
| GMAC MORTGAGE, | ) |
| fka Homecomings Financial, and | ) |
| THE BANK OF NEW YORK MELLON | ) |
| TRUST COMPANY, N.A., | ) |
| fka The Bank of New York Trust Company, N.A., | ) |
| as successor JPMorgan Chase Bank N.A., as Trustee, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This civil action is before the Court on defendants' Joint Motion to Dismiss Complaint [Doc. 4], in which defendants request dismissal of the complaint in this case for failure to state a claim. Plaintiff, proceeding pro se, has filed a response in opposition to this motion [Doc. 8]. The motion to dismiss is now ripe for this Court's consideration.

**I.      Background**

Plaintiff filed the complaint in this case on March 8, 2010 [Doc. 2]. In that complaint, plaintiff alleges that he executed a deed of trust with defendant GMAC Mortgage on or about March 17, 1999 [*Id.*, ¶ 9]. At the core of plaintiff's complaint is his allegation that:

> [P]rior to, during and up to [the execution of the deed, he] had no knowledge whatsoever as to particular terms contained within the Deed of Trust, which, [he] learned much later, contained, inter alia, a small and somewhat hidden and/or disguised provision, known as a Power of Sale Clause that . . .

[defendants] individually and severally invoke, in order to literally confiscate plaintiff's property . . . ."

[*Id.*, ¶ 10]. Plaintiff alleges that this "confiscation" violates his rights under the federal Constitution, the Tennessee Constitution, the common law, and various provisions of the Tennessee Code [*see id.*, ¶¶ 8-111]. Plaintiff requests declaratory and injunctive relief to determine his rights and to prevent the sale of the property governed by the deed at issue in this case [*Id.*, ¶¶ 111-27].

Defendants filed a joint motion to dismiss the complaint on March 25, 2010 [Doc. 4]. Plaintiff filed a response in opposition to that motion on April 12, 2010 [Doc. 8]. The Court has carefully considered the motion to dismiss and the response in light of the applicable law. For the reasons that follow, defendants' motion to dismiss will be granted.

**II.     Standard of Review**

Federal Rule of Civil Procedure 8(a) sets out a liberal pleading standard. To survive a motion to dismiss, a pleading need contain only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* Nor will an "unadorned, the-defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct.

1937, 1949 (2009). A pleading must instead "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1937.

The Court notes that defendants ask the Court, in ruling upon the motion to dismiss, to consider the deed of trust attached to that motion [*see* Doc. 4-2]. The deed of trust serves as the basis for the instant dispute, and is referenced at length in plaintiff's complaint [*see* Doc. 2]. The Court thus construes the motion to dismiss as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), which provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." The standard governing motions for judgment on the pleadings is the same as that governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008).

## III.  Analysis

As noted, plaintiff contends that he was unaware of the "power of sale" clause in the deed of trust he executed in this case [Doc. 2, ¶¶ 5-52]. He contends further that, even were he made aware of that clause, the clause itself is unenforceable against him [*Id.*, ¶¶ 53-111]. Plaintiff requests on the basis of these arguments that the Court issue declaratory relief deeming defendants' attempted sale of the property at issue to be invalid, and injunctive relief preventing the sale of that property [*Id.*, ¶¶ 111-27].

In their motion to dismiss, defendants argue that plaintiff's complaint fails to state a claim upon which relief can be granted because plaintiff is under a duty to read the deed of trust he signed in this case; because powers of sale clauses in deeds of trust are enforceable; because plaintiff's claims are barred by the applicable statutes of limitations; because plaintiff's due process rights have not been impaired; and because the deed of trust is not, as plaintiff argues, a "cognovit note" [Doc. 4-1]. Defendants argue further that plaintiff's fraud claims, to the extent plaintiff has pled such claims, must fail because they have not been pled with sufficient particularity [*Id.*]. Finally, defendants argue that plaintiff is not entitled to injunctive relief because he has failed to demonstrate that his claim is likely to succeed on the merits, and because he has failed to post security in connection with his request for such relief [*Id.*].

The Court agrees with defendants. The following language appears in bold print as paragraph 21 on pages four and five of the deed of trust at issue in this case:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property . . . If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security instrument without further demand and may invoke the power of sale and any other remedies permitted by applicable law . . . If Lender invokes the power of sale, Trustee shall give notice of sale by public advertisement in the county in which the Property is located for the time and in the manner provided by applicable law, and Lender or Trustee shall mail a copy of the notice of sale to Borrower . . . Trustee, without demand on Borrower, shall sell

4

the Property at public auction to the highest bidder at the time and under the terms designated in the notice of sale.

[Doc. 4-2]. Plaintiff signed this deed on March 17, 1999 [*see id.*]. Plaintiff also initialed pages four and five of the deed, indicating his agreement to the terms on each of those pages [*see id.*].

It is well settled in Tennessee that "parties to a contract are under a duty to read written agreements and are thus responsible for what they sign." *Moody Realty Co., Inc. v. Huestis*, 237 S.W.3d 666, 679 (Tenn. Ct. App. 2007). In this case, plaintiff had a duty to read the deed of trust, and should be held responsible for the terms of the deed he signed. *See Giles v. Allstate Ins. Co., Inc.*, 871 S.W.2d 154, 157 (Tenn. Ct. App. 1993) ("To permit a party . . . to admit that he signed [a contract] but . . . did not read it or know its stipulations would absolutely destroy the value of all contracts."). Those terms included the power of sale clause. When plaintiff defaulted on the loan in this case, the lender had a right to invoke that clause and proceed to foreclosure. Those are the plain terms of the agreed-upon contract.

Plaintiff also argues that the power of sale clause is unconscionable, and is therefore unenforceable against him [*see* Doc. 2, ¶¶ 53-89]. The Court disagrees. As defendants point out, Tennessee law has created a statutory scheme specifically permitting nonjudicial foreclosures like that at issue in this case. *See* Tenn. Code Ann. §§ 35-5-101, *et seq*. Such foreclosures are "valid and enforceable." 16 Tenn. Prac., Debtor-Creditor Law & Practice § 4:1 (2d ed.); *see also Lively v. Drake*, 629 S.W.2d 900, 902 (Tenn. 1982) ("It is settled law

in [Tennessee] that acceleration clauses generally are valid and will be enforced according to their terms.").

Plaintiff also argues that the power of sale clause operates as a contract of adhesion, and is therefore unenforceable against him [*see* Doc. 2]. Again, the Court disagrees. A contract of adhesion is "defined as 'a standardized contract form offered to consumers of goods and services on essentially a "take it or leave it" basis, without affording the consumer a realistic opportunity to bargain and under such conditions that the consumer cannot obtain the desired product or service except by acquiescing to the form of the contract.'" *Buraczynski v. Eyring*, 919 S.W.2d 314, 320 (Tenn. 1996) (quoting *Black's Law Dictionary* 40 (6th ed. 1990)). The terms of the loan at issue in this case, by contrast, were freely negotiated by the parties. And if plaintiff objected to the terms of the loan offered to him by the lender in this case, he was free to walk away and seek financing from an alternate lender.

Moreover, even were the Court to find the contract here to be one of adhesion, the contract would still be enforced unless "the terms of the contract [were] beyond the reasonable expectations of an ordinary person . . . ." *Brown v. Tenn. Title Loans, Inc.*, 216 S.W.3d 780, 785 (Tenn. Ct. App. 2006). The first page of the deed of trust in this case provides that the "[b]orrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in Blount County, Tennessee . . . which has the address of 2335 Mentor Road . . . ." [Doc. 4-2]. By executing the deed of trust in this case, plaintiff thus secured his loan with the property identified in that deed. The Court does not consider it "beyond the reasonable expectations of an ordinary person" that taking out

such a loan might result in the lender's foreclosure of the property used to secure the debt in the event of default.

The Court easily dispenses with plaintiff's remaining arguments as well. Plaintiff raises due process arguments under the federal and Tennessee Constitutions. Such arguments will not lie in the absence of state action, *see Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982). Plaintiff alleges no such state action here. Plaintiff also contends that the deed of trust is a "cognovit note," which is an "ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing . . . ." *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 176-77 (1972). The deed of trust in this case, by contrast, lays out a series of steps the lender must take in order to foreclose on the property used to secure the debt. And to the extent plaintiff requests injunctive relief, the Court notes that plaintiff has failed to demonstrate a strong likelihood of success on the merits, *see Tumblebus, Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005), and has failed to provide security in connection with that request. *See* Fed. R. Civ. P. 65(c) ("The court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained . . . ."). The Court thus declines to grant plaintiff the declaratory and injunctive relief he seeks, and will instead grant defendants' motion to dismiss.

## IV. Conclusion

For the reasons above, defendants' Joint Motion to Dismiss Complaint [Doc. 4] will be granted. This case will be dismissed. The Clerk will be directed to close this case.

An order accompanying this memorandum opinion will be entered.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE